PROVISIONAL GOVERNMENT OF THE HAWAIIAN
ISLANDS *vs.* CHARLES AUGUST HERING.

IN THE MATTER OF THE ALLEGED DISQUALIFICATION OF MR.
JUSTICE FREAR TO SIT IN THIS CASE.

HEARING, JUNE 27, 1893.            DECISION, JUNE 27, 1893.

JUDD, C.J., AND BICKERTON, J.

Act 1 of the Provisional Government was passed by the Executive and
Advisory Councils, sitting together, January 20, 1893. It conferred
upon the President the same powers by law theretofore vested in
the Sovereign of the Kingdom. One of these powers was the ap-
pointment of Judges of Courts of Record. Mr. Justice Frear was
appointed by the President on the 7th March, 1893. On the 21st
January, 1893, Act 4 was passed "Relating to the Enactment of
Laws," which prescribed that the Executive Council should act
jointly with the Advisory Council in the exercise of legislative
powers.

Held, affirming Sheldon's case, 9 Haw. 32, that the said Councils de-
rived their legislative authority to enact Act 1 from the Proclama-
tion of January 17, 1893, and not from Act 4.

OPINION OF THE COURT, BY JUDD, C.J.

Mr. Justice Frear's qualification to sit in this case is
questioned by Mr. C. W. Ashford, counsel for defendant, on
the ground that the appointment of Judge Cooper, the
validity of which is one of the main questions raised by the
bill of exceptions, rests upon the same basis as Mr. Justice
Frear's appointment.

The argument in brief is this: Act 1 of the legislature of
the Provisional Government which provides for the President
taking the place of the Sovereign as the appointing power,
was passed January 20th, 1893, and the Act was passed by
the Executive and Advisory Councils sitting together.
Whereas, the Act 4 which declared that the Executive and

Advisory Councils sitting together have legislative authority, was not passed until the 21st January.    Both Judge Cooper and Mr. Justice Frear were appointed March 7th, and were commissioned by President Dole under the authority of Act 1.    And it is claimed that Act 1 is invalid, because passed by both Executive and Advisory Councils before they had the authority to act together as a legislative body.

It is suggested that this question is now *res adjudicata* by reason of the decision of this Court rendered March 31st in the matter of the petition for a writ of *habeas corpus* on behalf of J. G. M. Sheldon in the custody of the Marshal for contempt.    In that case the validity of Act 10, passed January 31st, was attacked on the ground that the Executive and Advisory Councils sitting together had no authority to issue the warrant, not being a legislative body, and having no legislative authority to pass Act 10 relating to contempts.

It was essential in the Sheldon case to pass upon the question of the authority of the Executive and Advisory Councils to act as a legislative body, since, if this body had no authority to act as a legislature it could not pass Act 4 which defined this power.    The same body which passed Act 4 had passed Act 1.    We found in the Sheldon case that the authority for the Executive and Advisory Councils to act as a legislature, was derived from the Proclamation of January 17th, and not from the authority of Act 4, and that must necessarily be our decision in this case.    Certainly if the Executive and Advisory Councils had no legislative authority on the 21st January when they passed Act 4, to declare by Act 4 that they had this authority would not confer it.

Having found that Act 10 was passed by a valid body and by necessary implication Act 4, we must also find that Act 1 is in the same category.

We therefore overrule the objection to Mr. Justice Frear's sitting.

*Attorney-General W. O. Smith,* for prosecution.

*C. W. Ashford,* for defendant.